[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTIONTO DISMISS COUNTS TWO THREE OF THE COMPLAINT]
This case involves a dispute concerning a contract between the Town of Woodstock Board of Education and the Woodstock Teachers' Association. The complaint sets forth three counts.
Count One alleges that the Town of Woodstock Board of Education filed with the Town Clerk of Woodstock a copy of a contract between the Town Board of Education and the Woodstock Association of Teachers for the years 1994-1997. It alleges that the electors of the Town presented a petition to the Town Clerk requesting a Special Town Meeting to discuss the new contract and to determine whether the Town should accept or reject it. A meeting was scheduled before the Town Board of Selectmen to consider the contract. However, the meeting was adjourned to a Referendum of The Town Electors to decide the question of whether the Town should approve the contract. CT Page 4506
The question presented to the electors of the Town at the Referendum was phrased as follows:
 "SHALL THE TOWN OF WOODSTOCK APPROVE THE CONTRACT BETWEEN THE WOODSTOCK BOARD OF EDUCATION AND THE WOODSTOCK TEACHERS' ASSOCIATION FOR THE YEARS 1994 THROUGH 1997, AS FILED WITH THE WOODSTOCK TOWN CLERK ON NOVEMBER 10, 1993?"
The question was defeated in the Referendum by 411 "no" votes to 392 "yes" votes. The Town then sought to have the Commissioner of Education institute and administer arbitration proceedings under General Statutes § 10-153f(c). However, the Woodstock Association of Teachers challenged the validity of the referendum, and the Commissioner thus declined to initiate arbitration. The Town seeks a writ of mandamus requiring the Commissioner of Education to institute and administer arbitration proceedings under General Statutes § 10-153f(c).
In Count Two the Town alleges that it will suffer irreparable harm if the Commissioner is not ordered to institute and administer arbitration proceedings. It seeks a mandatory injunction compelling the Commissioner to institute and administer arbitration proceedings.
In Count Three the Town seeks a declaratory judgment that the referendum was valid and that the contract was properly rejected under General Statutes § 10-153d(b).
Defendant Commissioner of Education seeks to dismiss Counts Two and Three of the Complaint on the ground that those two counts are barred by the doctrine of sovereign immunity.
The court does not believe that the doctrine of sovereign immunity applies. Clearly, the Commissioner has been given authority to administer arbitration proceedings under General Statutes § 10-153f(c) wherever a teacher contract has been rejected under General Statutes § 10-153d(b). The Complaint states that the Commissioner, in refusing to institute arbitration proceedings, acted in excess of his statutory authority and thereby violated the Town's rights. The doctrine of sovereign immunity does not bar an action for declaratory or injunctive relief when a state official has acted in excess of his statutory authority and has thereby CT Page 4507 violated a right of the plaintiff. [Doe v. Heintz], 204 Conn. 17,31; [Horton v. Meskill], 172 Conn. 615, 624.
The motion to dismiss is denied.
Allen, State Trial Referee